IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIAMI VALLEY HOSPITAL,                    :

     Plaintiff,

     v.                                         :

LYNN M. BERNING,

     Defendant & Third-Party          :
     Plaintiff,

     v.

JOSEPH A. DAUGHTRY, et al.,

     Third-Party-Defendants.

Case No. 3:15-cv-202

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE THE
MOTION TO DISMISS FILED BY PLAINTIFF/COUNTERCLAIM
DEFENDANT MIAMI VALLEY HOSPITAL (DOC. #3), SUSTAINING THE
MOTION TO REMAND FILED BY DEFENDANT/THIRD-PARTY
PLAINTIFF LYNN M. BERNING (DOC. #5), AND REMANDING THIS
CASE TO THE COMMON PLEAS COURT OF MONTGOMERY
COUNTY, OHIO; DIRECTIVE TO COUNSEL REGARDING ATTORNEYS'
FEES; TERMINATION ENTRY

---

Pending before the Court are the Motion to Dismiss (Doc. #3) filed by

Plaintiff/Counterclaim Defendant Miami Valley Hospital ("MVH"), and the Motion to

Remand (Doc. #5) filed by Defendant/Third-Party Plaintiff Lynn M. Berning

("Berning"). For the reasons set forth below, Berning's Motion to Remand is SUSTAINED, and MVH's Motion to Dismiss is OVERRULED WITHOUT PREJUDICE.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case began as a debt collection matter in state court. MVH filed a Complaint on February 13, 2015, in the Court of Common Pleas of Montgomery County, Ohio, against Berning, seeking $26,233.00 on an account for allegedly unpaid medical services. Doc. #4.

On May 11, 2015, Berning filed an Answer in which she admitted that she had made partial payment to MVH, but denied that she had any further obligation to pay the account. Doc. #1 at 10-11. In addition, Berning stated seven purported class action counterclaims against MVH, as representative of a class "consisting of all uninsured patients of [MVH] from its founding through the present, who did not qualify for Medicare and/or Medicaid and who were charged an amount for medical care in excess of the amount to be charged to MVH's insured patients." *Id.* at 14.

In the first counterclaim, captioned "Third Party Beneficiary," Berning alleged that:

> MVH, as a purported charitable entity under [26] U.S.C. § 501(c)(3), entered into an express or implied Agreement with the United States Government pursuant to [26] U.S.C. § 501(c)(3) that in return for a substantial federal and state income tax exemption valued in the millions of dollars it would: operate exclusively for charitable purposes; provide emergency room medical care to Lynn Berning and the Class without regard to their ability to pay for such medical care;

2

provide affordable medical care to Lynn Berning and the Class; and
not seek to collect outstanding medical debt from Lynn Berning and
the Class through aggressive, abusive, [or] humiliating collection
practices.

*Id.* at 17.  She further alleged that she and the other class members were "the

express and/or implied intended third party beneficiaries of MVH's Agreement with

the United States," under which the hospital enjoyed its tax-exempt status.  *Id.* at

18.  According to Berning, MVH had breached the agreement by "failing to provide

affordable medical care," and by "utilizing aggressive, abusive, and humiliating

collection practices" against her and the other class members.  *Id.*

In the second counterclaim, Berning alleged that MVH had breached a

contractual obligation to charge her and the other class members "no more than a

fair and reasonable" amount for medical services.  *Id.* at 18-19.  The third

counterclaim alleged that MVH's conduct amounted to "a breach of its duty of

good faith and fair dealing."  *Id.* at 19-20.  The fourth counterclaim was titled

"Breach of Charitable Trust," and alleged that "[b]y accepting federal, state and

local tax exemptions under 26 U.S.C. § 501(c)(3), MVH created and entered into a

public charitable trust to provide affordable medical care to its uninsured patients,"

which the hospital had breached.  *Id.* at 20-21.  The fifth counterclaim arose under

the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.20,

and alleged that MVH had charged unreasonable amounts for medical care and

engaged in abusive debt collection practices.  *Id.* at 21-22. Berning's sixth

counterclaim was for "unjust enrichment/constructive trust."  It accused MVH of

3

unjustly enriching itself at her and the class members' expense and sought the imposition of a constructive trust on the hospital's profits. *Id.* at 22-23. The seventh counterclaim requested injunctive and declaratory relief to prevent MVH from charging unreasonable rates and using predatory collection tactics. *Id.* at 23-24.

Berning also brought a Third-Party Complaint against two Third-Party Defendants: Joseph Daughtry ("Daughtry"), who allegedly caused the car accident that required her to seek medical treatment at MVH, and Daughtry's insurer, Ohio Mutual Insurance Group ("OMIG"). Doc. #1 at 24. She asserted five claims against them, which included a claim for negligence and a claim for negligence *per se* against Daughtry, a declaratory judgment claim against OMIG, a claim for breach of the duty of good faith against OMIG, and a claim for punitive damages that was pled against both OMIG and MVH. *Id.* at 24-30.

On June 6, 2015, MVH removed the case to this Court under 28 U.S.C. § 1441. Doc. #1. In its Notice of Removal, MVH asserted that the Court had federal question jurisdiction over this case, based on the following:

> (1) this Court will have to decide whether, by gaining tax-exempt status as a charitable entity under 26 U.S.C. § 501(c)(3), [MVH] entered into an agreement with "the United States Government" for which Ms. Berning and her alleged "class" are intended third-party beneficiaries; (2) this Court will have to decide whether [MVH's] tax-exempt status also created [a] "public charitable trust" [of] which Ms. Berning and her class were beneficiaries; (3) this Court will have to decide whether a constructive trust can be created through the tax-exemptions for which [MVH] is granted pursuant to § 501(c)(3); and

4

(4) these three claims are governed exclusively by federal statute and related federal case law.

*Id.* at 3.

In its Notice of Removal, MVH also asserted that 28 U.S.C. § 1441(c)(1)(A) allowed the removal of "federal law claims that have been joined with state law claims," and that the Court should sever any state law claims not within its original or supplemental jurisdiction for remand to state court, in accordance with 28 U.S.C. § 1441(c)(2). MVH further stated that it had obtained the consent of Third-Party Defendant OIMG to the removal, but had not received a response from Third-Party Defendant Daughtry after seeking his consent. However, MVH asserted that their consent to removal was not necessary because the claims against OIMG and Daughtry are "separate and independent" from the federal claims on which MVH had based removal. *Id.* at 3-4.

MVH filed a Motion to Dismiss on June 12, 2015, arguing that each of Berning's counterclaims arising under federal law failed as a matter of law, and the Court should dismiss them and remand her remaining state law claims to state court. Doc. #3.

Berning filed a Motion to Remand on June 18, 2015. Doc. #5. Therein, she argued that the removal statute and controlling case law prohibit a Plaintiff from removing a case to federal court based on a counterclaim, citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), *In re Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 849 (6th Cir. 2012), and *First Nat. Bank of Pulaski v. Curry*, 301

F.3d 456 (6th Cir. 2002). Berning also asserted that, even if removal by a plaintiff/counterclaim defendant were permissible, the "mere mention" of the federal tax code in her counterclaims did not create federal question jurisdiction. *Id.* at 3-5. She also sought attorneys' fees and costs for filing the Motion to Remand, arguing that MVH had no objectively reasonable basis for removing the case. *Id.* at 5-7.

MVH filed a Response in Opposition to the Motion to Remand on June 24, 2015, and made the following points. Doc. #6. First, MVH characterized Berning's Counterclaims as presenting "clear federal questions" because they rely on the hospital's status as a tax-exempt entity under 26 § 501(c)(3). *Id.* at 3. Second, MVH asserted that none of the case law cited by Berning expressly "holds that a counterclaim defendant lacks capacity to remove" under the removal statute, but instead concern third-party defendants. *Id.* at 3-4. According to MVH, its status as a counterclaim defendant distinguishes this case and allows removal. *Id.* at 4-5. Fourth, MVH urged the Court to overrule Berning's request for attorneys' fees in the event the case is remanded, stating that the issues of federal law in her counterclaims created an objectively reasonable basis for removing this case to federal court. *Id.* at 5-6.

Berning filed a Reply Memorandum on June 30, 2015. Doc. #7. Therein, she contested MVH's interpretation of the controlling law, defended her assertion

6

that removal was not authorized under the removal statute, and reasserted her

request for attorneys' fees and costs.[1]

## II.    BERNING'S MOTION TO REMAND (DOC. #5)

The procedure for remand of an action to state court is set forth in 28

U.S.C. § 1447(c).  The statute states that:

> A motion to remand the case on the basis of any defect other than
> lack of subject matter jurisdiction must be made within 30 days after
> the filing of the notice of removal under section 1446(a).  If at any
> time before final judgment it appears that the district court lacks
> subject matter jurisdiction, the case shall be remanded.  An order
> remanding the case may require payment of just costs and any actual
> expenses, including attorney fees, incurred as a result of the removal.

The removing party bears the burden of establishing that the district court

has jurisdiction over the matter, as well as compliance with the procedural

requirements of the removal statute when challenged.  *Hayes v. Equitable Energy*

*Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Parker v. Brown*, 570 F. Supp. 640,

642 (S.D. Ohio 1983) (stating that "a party seeking to remove a case to federal

court has the burden of proving that all the requirements of removal have been

met," and that the "burden goes not only to the issue of federal jurisdiction, but

also to questions of compliance with statutes governing the exercise of the right of

removal").

---

[1] Other briefing by the parties includes Berning's Response in Opposition to MVH's
Motion to Dismiss (Doc. #8), filed on July 6, 2015, and MVH's Reply (Doc. #11),
filed on July 16, 2015.  Although the Motion to Dismiss is fully briefed, the
parties' arguments for and against dismissal of Berning's Counterclaims will not be
addressed, as this case will be remanded to state court.

Berning timely filed the Motion to Remand within the thirty days required by 28 U.S.C. § 1447(c). Her motion presents two issues, which the Court will address in turn. First, whether this case should be remanded to state court; and, if remand is warranted, whether she is entitled to an award of the attorneys' fees and costs incurred as a result of the removal.

### A. Was this case properly removed under 28 U.S.C. § 1441(a)?

The removal statute provides the following general conditions that allow removal:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Any interpretation of the removal statute must be mindful that "[t]he term 'defendant' in removal statutes is narrowly construed." *In re Mortg. Elec. Registration Sys.*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002)). A state court plaintiff is not a "defendant" within the meaning of the removal statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941); *In re Mortg. Elec. Registration Sys.*, 680 F.3d at 853 (citing *Shamrock Oil* and holding that "a counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court"). The language of the removal statute and its construction

8

by these higher courts are unequivocal. Contrary to the assertion in MVH's Notice

of Removal, no right of removal vests in a plaintiff upon the filing of a defendant's

counterclaims in state court. *See also Ballard's Serv. Ctr., Inc. v. Transue*, 865

F.2d 447, 449 (1st Cir. 1989) ("Plaintiffs cannot remove, even when they are in

the position of a defendant with regard to a counterclaim asserted against them");

*McCane v. McCane*, 47 F. Supp. 2d 848, 851 (E.D. Mich. 1999) (remanding case

that plaintiff removed on the basis of a counterclaim that the plaintiff argued was

preempted by federal law); *Integrated Disability Res., Inc. v. Cicchillo*, No. 4:05-cv-

1084, 2005 WL 1680790 (N.D. Ohio July 19, 2005) (remanding case removed by

plaintiff). Once Berning filed her counterclaims in state court, it was improper for

MVH, the plaintiff, to remove its own action to federal court.

Furthermore, MVH's jurisdictional allegations do not demonstrate the Court's

original jurisdiction over this action that is a prerequisite to removal. MVH asserts

that the Court "has exclusive federal question jurisdiction of this case pursuant to

28 U.S.C. § 1331 . . . within the meaning of [the] statute," and cites to several

federal issues purportedly raised by Berning's counterclaims to support its claim of

jurisdiction. Doc. #1 at 3. The federal question statute states that "[t]he district

courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The

statute confers federal court jurisdiction "only [in] those cases in which a well-

pleaded complaint establishes either that federal law creates the cause of action or

9

that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 27-28 (1983). Thus, "a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Id.* (emphasis in original). Here, MVH filed suit against Berning only to collect on a debt, and there is nothing in its complaint to establish that its case "arises under" federal law. Its collection action sounds in breach of contract, which is a claim under Ohio common law that depends in no way on the resolution of a question of federal law. Contrary to MVH's assertion, Berning's counterclaims do not bring this case within the Court's federal question jurisdiction.

Two examples from the Supreme Court further illustrate why the well-pleaded complaint rule prevents MVH from removing this case to federal court. In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002), the Supreme Court held that a counterclaim alleging patent infringement does not create original jurisdiction "arising under" federal patent law in a case where the plaintiff's original complaint contained no patent claim. The Supreme Court noted that the "well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of" the federal question statute, 28 U.S.C. § 1331, the statute conferring original jurisdiction over patent cases, 28 U.S.C. § 1331(a), and the general removal statute where jurisdiction is premised

10

on the presence of a federal question. *Id.* at 830 & n.2. Under the well-pleaded complaint rule, federal jurisdiction is recognized "only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in *Holmes Group*)). Thus, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* Because the original complaint did not contain a claim "arising under any Act of Congress relating to patents," the district court and the Federal Circuit lacked jurisdiction to consider the counterclaim. *Id.* at 833.

The Supreme Court applied *Holmes Group* in *Vaden v. Discover Bank*, 556 U.S. 49 (2009), and again held that, under the well-pleaded complaint rule, a counterclaim does not create federal jurisdiction. In *Vaden*, a credit card company brought "a claim arising solely under state law" to recover past-due amounts from a defendant cardholder. *Id.* at 53. The defendant answered with a number of counterclaims alleging that the plaintiff's "finance charges, interest, and late fees [had] violated state law." *Id.* The plaintiff invoked an arbitration clause in the cardholder agreement and filed a petition in district court under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, seeking an order to compel arbitration of the defendant's counterclaims. *Id.* at 54-55. The plaintiff argued that federal question jurisdiction existed because the defendant's "state-law counterclaims were completely preempted by" the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C.

11

§ 1831d(a). *Id.* at 53, 55. After the district court determined that it had jurisdiction to compel arbitration, the Fourth Circuit Court of Appeals affirmed, citing the FDIA's complete preemption of the state law that formed the basis for the defendant's counterclaims. *Id.* at 56. The Fourth Circuit reasoned that such preemption trumps the well-pleaded complaint rule, as applied in *Holmes Group*, that normally prohibits examining a counterclaim to determine whether a case arises under federal law. *Id.*

The Supreme Court reversed, stating that it had "emphatically" held in *Holmes Group* that the well-pleaded complaint rule precludes the recognition of "federal jurisdiction rest[ing] upon an actual or anticipated counterclaim." *Id.* at 60. Explaining its prior holding, the Court stated that:

> Without dissent, [we] held in *Holmes Group* that a federal counterclaim, even when compulsory, does not establish "arising under" jurisdiction. Adhering assiduously to the well-pleaded complaint rule, the Court observed, *inter alia,* that it would undermine the clarity and simplicity of that rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case "arises under" federal law.

*Id.* (citing *Holmes Group*, 535 U.S. at 832).

The only distinction between *Vaden* and the present case is the procedure used to bring the state court case into federal court. The *Vaden* plaintiff filed a petition to compel arbitration under the FAA, while MVH removed the case from state court under the removal statute. However, this distinction is without significance when considering *Vaden*'s application to the case before the Court. As *Vaden* explained, the FAA requires an "independent jurisdictional basis" over an

12

agreement before a party may seek an order compelling arbitration from a federal court. 556 U.S. at 59. In *Vaden*, the jurisdictional basis was 28 U.S.C. § 1331, the federal question statute, which is the same basis for jurisdiction invoked by MVH in its Notice of Removal. Because this case also concerns jurisdiction under the federal question statute asserted on the basis of a counterclaim, *Vaden* controls.

Here, as in *Vaden*, "[t]his case originated as a garden-variety, state-law-based contract action" brought to recover a debt owed on an account. *Id.* at 54. Berning "filed several counterclaims, styled as class actions," which, like MVH's claim against her, "invoked only state law" as the basis for relief. *Id.* Berning's counterclaims do reference MVH's status as a "charitable entity under 26 U.S.C. § 501(c)(3)" and allege that the hospital "entered into a public charitable trust" and an agreement with the United States by virtue of its tax-exempt status, but she seeks relief only as an intended third-party beneficiary of that agreement who alleges a breach of a charitable trust. Doc. #1 at 17-18, 20-21. Whatever the legal merit of these allegations, the only references to federal law in either party's allegations are the mentions of the federal tax code in Berning's counterclaims.[2] The well-pleaded complaint rule prevents the Court from evaluating their "contents . . . in determining whether [this] case 'arises under' federal law." *Vaden*, 556

---

[2] MVH has filed a Motion to Dismiss seeking dismissal of Berning's counterclaims. Because this Court lacks jurisdiction over her counterclaims, MVH is free to present its arguments for their dismissal to the state court upon remand.

U.S. at 59. Because MVH's jurisdictional allegations do not comply with the well-pleaded complaint rule, the Court lacks the original jurisdiction for removal required by 28 U.S.C. § 1441(a). For that reason, this case must be remanded to the Court of Common Pleas of Montgomery County, Ohio.[3]

MVH presents several arguments against remand, none of which have merit. Most problematic is its criticism of Berning's citation to *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941):

> *Shamrock Oil* is a 1940 case that analyzes a counterclaim defendant's removal rights under a removal statute that is no longer in effect – § 12 of the Judiciary Act of 1789. While *Shamrock Oil* does hold that a counterclaim defendant cannot remove a case from state court, it does so under a statute that is no longer in effect and, therefore, also misses the mark.

Doc. #6 at 4.

*Shamrock Oil* analyzed the historical development of the removal statute, beginning with its appearance in Section 12 of the Judiciary Act of 1789, in order to construe the scope of the term "defendant" under the 1887 amendment to the removal statute. 313 U.S. at 104-108. Contrary to MVH's assertion, *Shamrock*

---

[3] Because the Court lacks original jurisdiction over this action, MVH is not entitled to removal under either the general removal statute, 28 U.S.C. § 1441(a), or § 1441(c)(1), as it asserts in its Notice of Removal. Section 1441(c)(1) allows the removal of an action that contains claims "not within the original or supplemental jurisdiction of the district court," which must then be severed and remanded to state court under § 1441(c)(2). However, removal under this provision is still predicated on the existence of "a claim arising under" federal law "within the meaning" of the federal question statute. 28 U.S.C. § 1441(c)(1)(A). As discussed, MVH cannot demonstrate that this action arose under the federal question statute.

14

*Oil* did not analyze the counterclaim defendant's removal rights under Section 12 of the Judiciary Act of 1789. The operative version of the removal statute at the time the case was decided was the 1887 version of the removal statute, as previously codified in Section 71 of Title 28 of the United States Code. *Id.* at 106 (contrasting previous version of Section 71 in effect "until adoption of the provisions of the present statute so far as now material by the Act of 1887"). In *Shamrock Oil*, the Supreme Court put a great deal of weight on Congress' decision to restrict the right of removal to the "defendant" in almost all versions of the removal statute that had been in force since 1789, starting with Section 12 of the Judiciary Act. The exception in the version from 1875 until 1887, which authorized removal by "either party," and the subsequent 1887 amendment that returned to the earlier use of the "defendant" underscored Congress' intent:

> We cannot assume that Congress, in thus revising the statute, was unaware of the history which we have just detailed, or certainly that it regarded as without significance the omission from the earlier act of the phrase 'either party', and the substitution for it of the phrase authorizing removal by the 'defendant or defendants' in the suit . . . .

> We think these alterations in the statute are of controlling significance as indicating the Congressional purpose to narrow the federal jurisdiction on removal by reviving in substance the provisions of [Section] 12 of the Judiciary Act of 1789 . . . . If, in reenacting in substance the pertinent provisions of [Section] 12 of the Judiciary Act, Congress intended to restrict the operation of those provisions or to reject the construction which this Court had placed upon them, by saving the right of a plaintiff, in any case or to any extent, to remove the cause upon the filing of a counterclaim praying an affirmative judgment against him, we can hardly suppose that it would have failed to use some appropriate language to express that intention.

*Id.* at 106-07.

15

As is evident from the discussion in *Shamrock Oil*, the language of the statute only allowed removal "by the defendant or defendants" when the case was decided. *Id.* at 104 (quoting Act of Mar. 3, 1887, ch. 373, 24 Stat. 552, 553). The term "defendant or defendants" was not altered by the subsequent revision and recodification of Title 28 in 1948. *See* Act of June 25, 1948, ch. 646, 62 Stat. 869, 937 (codifying the general removal statute at 28 U.S.C. § 1441(a) and retaining the language restricting removal to "the defendant or defendants"). Indeed, the current version retains "defendant or defendants," the same phrase that was the "substance" of the statutory provision analyzed in *Shamrock Oil.* 28 U.S.C. § 1441(a); *see also* 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (4th ed.) (noting that "[t]he present general removal statute, Section 1441 of the Judicial Code, is closely patterned after the 1887 enactment"). As explained below, courts even use the *Shamrock Oil* analysis when construing the term "defendant" in recently enacted provisions other than the one governing removal in general, such as removal under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453(b). *E.g., First Bank v. DJL Properties, LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (construing CAFA under *Shamrock Oil*, holding that a plaintiff who became a counterclaim defendant could not remove, and noting that "[i]f the drafters of [CAFA] wanted to negate *Shamrock Oil*, they could have written 'defendant (including a counterclaim defendant)' or 'any party'" but instead "chose the unadorned word 'defendant,' a

16

word with a settled meaning"). In contrast to MVH's assertion, *Shamrock Oil* continues to be cited for the purpose of determining whether a party is a proper "defendant" under the current version of the removal statute.

MVH also asserts that the Sixth Circuit's holdings in *In re Mortgage Electronic Registration Systems*, 680 F.3d 849 (6th Cir. 2012), and *First National Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002) do not stand for the proposition that a plaintiff/counterclaim defendant may not remove a case to federal court. MVH argues that *In re Mortgage Electronic Registration Systems* only "addressed the narrow issue of whether, under [CAFA], a third-party defendant could seek removal of a state court action," and points out that it is not a third-party defendant and it did not remove under CAFA. Doc. #6 at 3. This argument ignores the fact that the Sixth Circuit's analysis of the phrase "any defendant" in CAFA, 28 U.S.C. § 1453(b), when determining who is entitled to remove under that statute, was controlled by *Shamrock Oil* and *Pulaski*'s "narrow" constructions of the term "defendant" in the general removal statute. *In re Mortgage Electronic Registration Systems*, 680 F.3d at 853-54. The Sixth Circuit rejected the appellant's argument that the phrase "any defendant" in CAFA enlarged the class of parties entitled to remove to include third-party defendants, stating that "the provision simply modifies the rule that all defendants must consent to removal." *Id.* at 854. It expressly stated that it agreed with the conclusions of other courts that CAFA did "not change the prior rule that

17

counterclaim or third-party defendants do not have the right of removal." *Id.* As discussed above, the "prior rule" in question was the prohibition described in *Shamrock Oil*, which is still good law.[4] MVH should have adhered to it when considering whether to remove this case. Because it did not, the Court concludes that Berning's motion must be sustained, and that this case must be remanded to the Court of Common Pleas of Montgomery County, Ohio.

---

[4] The Supreme Court has described a slight qualification to *Shamrock Oil*'s instruction to narrowly construe the removal statute in a situation where, unlike the present case, the complaint expressly states a federal cause of action and the plaintiff resists removal. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697 (2003). In *Breuer*, the plaintiff argued that his claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), should not be removed because the FLSA permits a claim to be brought in state court and *Shamrock Oil* states a "federal policy of construing removal jurisdiction narrowly." *Id.* at 697. The Supreme Court rejected this argument, stating that *Shamrock Oil*'s emphasis on narrowly construing the removal statute had been "qualified" by the 1948 amendment that "requir[ed] any exception to the general removability rule to be express." *Id.* In other words, a plaintiff cannot resort to the policy of narrowly construing the removal statute to return to state court, but must instead point to an express exception to removal. *See id.* at 696-97 (citing statutory exceptions). Such is not the case here, where the plaintiff's case does not arise under federal law at all, and the question before the Court concerns the construction of a separate portion of the removal statute. *Breuer* did not similarly qualify the well-established policy of narrowly construing the term "defendant" in the removal statute because, as discussed above, that term has not been altered therein since *Shamrock Oil* was decided. It is, therefore, perfectly logical and in accordance with *Breuer* for the Sixth Circuit to continue to rely on *Shamrock Oil* and require that "[t]he term 'defendant' in removal statutes [be] narrowly construed." *In re Mortgage Electronic Registration Systems*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002)).

**B.    Is Berning's attorney entitled, under 28 U.S.C. § 1447(c), to fees incurred as a result of the removal?**

If a court remands a case to state court, the removal statute authorizes "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of attorneys' fees is within the discretion of the district court.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Id.*

In *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913-15 (6th Cir. 2007), the Sixth Circuit affirmed an award of attorneys' fees and costs after two in-state defendants removed a complaint stating only state law foreclosure claims.  Citing the "objectively reasonable basis for removal" standard set forth by the Supreme Court in *Martin*, the Sixth Circuit concluded that the removal had been unreasonable for several reasons.  *Id.* at 914.  First, because the defendants were in-state citizens, they were "barred from invoking removal jurisdiction" by the express language of the removal statute applicable to diversity jurisdiction.  *Id.* (citing the provision prohibiting removal if one of the "defendants is a citizen of the State in which such action is brought" under 28 U.S.C. § 1441(b)).  Second, because the plaintiffs had only brought state law foreclosure claims against the defendants, the well-pleaded complaint rule precluded any objective recognition of federal question jurisdiction on the face of the complaint.  *Id.*  The Sixth Circuit

rejected the argument that the defendants' allegations that the plaintiffs "had violated federal law" justified removal. *Id.* Under "well settled" principles, federal jurisdiction does not arise under "federal counterclaims or defenses," and cannot serve as an objectively reasonable basis for removing a case. *Id.* at 914-15 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) and *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)).

Similar circumstances lead to the conclusion that MVH lacked an objectively reasonable basis for removing this action. Like the defendants in *Chase Manhattan Mortgage Corp. v. Smith* case, MVH did not qualify as a party entitled to remove under the statute that it cited as the basis for removal. As discussed previously, MVH was not a "defendant" in the state court action, as required by 28 U.S.C. § 1441(a), under either the plain language of the statute or the well-settled sources of authority interpreting that term. Moreover, MVH's attempt to distinguish *Shamrock Oil* mischaracterized the analysis in that case. Its only argument against an award of attorneys' fees asserts that there is a lack of authority "regarding a counterclaim-defendant's right to removal." Doc. #6 at 5. However, the wealth of authority previously discussed demonstrates otherwise. *E.g., Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002). Furthermore, the Sixth Circuit has expressly rejected the argument that federal question jurisdiction purportedly arising under a counterclaim could create an "objectively reasonable" basis for

20

removal. *Chase Manhattan Mortgage*. 507 F.3d at 914-15. For these reasons, the Court concludes that Berning's attorney is entitled to fees and costs under 28 U.S.C. § 1447(c). Berning's attorney has already filed an affidavit quantifying the expenses incurred in filing the Motion to Remand. Doc. #5-1. MVH must either pay that amount attested to in the fee application, $3,312.50, or it may contest the reasonableness of said amount, in accordance with the procedure set forth below. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (holding that "a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order").

III.  **CONCLUSION**

For the foregoing reasons, Berning's Motion to Remand (Doc. #5) is SUSTAINED. Her attorney is entitled to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," in accordance with 28 U.S.C. § 1447(c). To object to the reasonableness of the amount requested by Berning's attorney, MVH must file a Memorandum within fourteen (14) days from date. Berning may file a Response Memorandum fourteen (14) days thereafter.

MVH's Motion to Dismiss (Doc. #3) is OVERRULED WITHOUT PREJUDICE. For the reasons previously explained, the Court lacks jurisdiction to consider the sufficiency of Berning's Counterclaims, and MVH may refile its motion in state court.

The captioned cause is REMANDED to the Common Pleas Court of Montgomery County, Ohio, and is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 20, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

22